UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANDREW J. KAMPURIES; CULEBRA ISLAND MUNICIPALITY; MAYOR EDWIN JUNTO ROMERO<br><br>Plaintiffs<br><br>v.<br><br>SVI INVESTMENTS II, LLC; DANIEL W. SHELLEY; JOHN DOE 1-10<br><br>Defendants | Civil Action No. 23-01177-SCC |

**MOTION TO STRIKE AMENDED COMPLAINT**

**TO THE HONORABLE COURT:**

COME NOW, co-defendants SVI Investments II, LLC and Daniel W. Shelley ("Co-Defendants"), through their undersigned counsel, and respectfully state and request as follows:

1. On April 12, 2023, plaintiff Andrew J. Kampuries ("Kampuries") filed the complaint in the captioned case, with frivolous and incoherent allegations, without standing pretentiously appearing on behalf of the Mayor of Culebra (**Docket No. 1**).

2. On September 1, 2023, Co-Defendants filed a *Motion to Dismiss or for Summary Judgment* (**Docket No. 5**) (the "Motion").

3. On September 12, 2023, Kampuries filed a *Memorandum in Opposition to Motion to Dismiss* (**Docket No. 6**) (the "First Memorandum") and on September 27, 2023, filed a Second Memorandum in Opposition to Motion to Dismiss (**Docket No. 7**) (the "Second Memorandum").

4. Both the First and the Second Memorandums are non-responsive to the Motion, plagued with disingenuous, irrelevant, incoherent, unrelated matters, devoid of any pertinent evidence, causing them to be a frivolous and mendacious disruption of the judicial process, not

only warranting that they be stricken pursuant to Fed. R. Civ. P. 12(f)[1], but the immediate imposition of attorney's fees and sanctions on Kampuries to preclude similar repetitive filings.

5. On October 2, 2023, Co-Defendants filed a *Motion to Strike and for Entry of Judgment* (**Docket No. 8**), requesting for the Court to strike the First and Second Memorandums from the record of the case, to grant the Motion and impose attorney's fees and sanctions on Kampuries.

6. On October 5, 2023, Co-Defendants filed a *Motion for Entry of Judgment* (**Docket No. 9**), sustaining that the Court cannot continue to allow Kampuries to file irrelevant, improper, and confusing pleadings, causing expenses and attorney's fees on Co-Defendants, and unduly wasting the Court's resources, requesting that the Motion be granted.

7. On December 5, 2023, Kampuries filed an amended complaint titled "*Amended Complaint at Law and in Equity for Cancellation of Deed*" (**Docket No. 10**) (the "Amended Complaint").

8. The Amended Complaint is an exact copy of the original complaint, the only difference is that Kmapuries added a senseless and irrelevant paragraph at the end of paragraph numbers 13, 19 and 26 with incoherent accusations.

9. Fed. Rule of Civil Procedure 15(a) states as to amendments to complaints filed with federal district courts that a party may amend its pleading once as a matter of course no later than 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e) or (f), whichever is earlier. In all other cases, a party may amend its

---

[1] Fed. R. Civ. P. 12(f) states:

> (f) Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
> (1) on its own; or
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

10. Kampuries has failed to comply with Rule 15(a)(2), since on September 1, 2023, Co-Defendants filed the Motion and without leave of the Court, on December 5, 2023, Kampuries filed the Amended Complaint with further convoluted unintelligent allegations requesting the same remedy as the original complaint to the extent of randomly repeatedly alleging corruption, including against the Mayor of Culebra who he purportedly seeks to represent.

11. Once the option to amend as a matter of course is off the table, a party may amend with the opposing party's consent or with prior leave of the Court. *Am. Bd. of Internal Med. v. Rushford*, 2021 U.S. Dist. LEXIS 128708

12. The First Circuit has made it clear that a district court may deny a request for leave to amend pursuant to Rule 15(a)(2) if the same is characterized by "undue delay, bad faith, futility, or the absence of due diligence on the movant's part." *Palmer v. Champion Mortgage*, 465 F.3d 24, 30 (1st Cir. 2006)

13. In the instant case, not only is the Amended Complaint of a futile nature, as it is a replica of the original, but Kampuries did not seek leave from the Court to file the same as required by Rule 15(a)(2).

**WHEREFORE,** it is respectfully requested that the Amended Complaint be striken from the docket of the captioned case and that the Motion be granted with imposition of attorney's fees and sanctions on Kampuries.

**CERTIFICATE OF SERVICE**: I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants and sent a copy to Mr. Andrew J. Kampuries to his mailing address: 3 Palm Dr., Winddorstocks, CT 06096 and his e-mail address: culebrakid212@gmail.com.

3

San Juan, Puerto Rico, this 12th day of December 2023

*s*/**CHARLES A. CUPRILL-HERNÁNDEZ**
**USDC-PR 114312**
Charles A. Cuprill, P.S.C. Law Offices
**Counsel for SVI Investments II, LLC**
**and Daniel W. Shelley**
356 Fortaleza Street, Second Floor
San Juan, PR 00901
Tel: 787-977-0515
Fax: 787-977-0518
E-mail:  cacuprill@cuprill.com