IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

ANDREW J. KAMPURIES,

Plaintiff,

v.

SVI INVESTMENTS ET AL.,

Defendants.

CIV. NO. 23-1177 (SCC)

**OPINION AND ORDER**

Plaintiff Andrew J. Kampuries ("Plaintiff") is a descendant of the former owners of Cayo Norte, a small island located in the Municipality of Culebra, Puerto Rico. *See* Docket No. 1, paras. 1–2. He appears pro se.[1] Defendants are SVI Investments and Daniel W. Shelly ("Defendants"), an investment company and its representative who purchased

---

[1] Plaintiff lists the Municipality of Culebra and Mayor of Culebra as co-plaintiffs in his Complaint caption and purports to represent the interests of Jawsome Tours and his family members in various filings. *See* Docket No. 1, pg. 1; *see, e.g.*, Docket No. 6, pg. 1; Docket No. 7, pg. 2. Because Plaintiff is a non-attorney appearing pro se, he cannot represent others' interests. *See* Local Rule 83A(h). Accordingly, the Court construes Plaintiff's filings as made solely on his own behalf.

Cayo Norte at a post-foreclosure judicial sale.[2] *See* Docket No. 5, paras. 5–6; Docket No. 6, pg. 1 (stating that Plaintiff's family lost Cayo Norte due to a foreclosure). Defendants represent that in 2018, following extensive but unsuccessful litigation in Puerto Rico courts by Plaintiff's relations, SVI Investments' successor entity, SVI Investments II, LLC, sold Cayo Norte to U.S. Virgin Island Properties, LLC.[3] *See* Docket No. 5, para. 9.

Plaintiff now claims "lawful rights to the [Cayo Norte] property . . . that supersede[] any and all other competing interests to [sic] the property." Docket No. 1, para. 2. In support, Plaintiff alleges that his ancestors owned Cayo Norte, which was "wrongfully transferred to the Defendants and other . . . entities by way of error and that the lawful right

---

[2] The Complaint does not mention the foreclosure, judicial sale, or the state court litigation that purportedly followed. These facts, drawn from Defendant's Motion to Dismiss and loosely corroborated by Plaintiff's Responses, are included for context only.

[3] The Complaint does not allege that Defendants own Cayo Norte, and Plaintiff did not sue the purported current owner of Cayo Norte. While the Court need not reach the question of whether all required parties were joined, it notes in passing that Cayo Norte's present owners and beneficiaries of the judicial sale proceeds are non-parties with interests likely implicated by Plaintiff's requested relief.

to the property remains vested with the Plaintiff." Docket No. 1, paras. 10, 12. The Complaint alleges no facts regarding Plaintiff's property rights, the transfer, or the purported error.

Defendants moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) on grounds that this Court lacks subject matter jurisdiction.[4] *See* Docket No. 5, paras. 10–15. Plaintiff subsequently filed two "Responses." *See* Docket Nos. 6, 7. Over two months later, and without the Court's leave, Plaintiff filed an Amended Complaint. *See* Docket No. 10. The Court struck Plaintiff's proposed Amended Complaint as untimely.[5] *See* Docket No. 13. Because the Court determines that it lacks subject matter jurisdiction, it **GRANTS** the Motion to Dismiss at Docket No. 5 and **DISMISSES** the instant case **without prejudice**.

---

[4] In the alternative, Defendants moved for summary judgment. *See* Docket No. 5, para. 39. Because the Court lacks subject matter jurisdiction, it cannot reach the merits to render summary judgment.

[5] In addition to being untimely, the proposed Amended Complaint merely added conclusory allegations taken directly from Plaintiff's Response at Docket No. 7, pg. 2, that failed to remedy any defects identified by the pending Motion to Dismiss. *See* Docket No. 10, paras. 13, 19, 26.

## I. Discussion

It is axiomatic that federal courts are courts of limited subject matter jurisdiction. *See Klimowicz v. Deutsche Bank Nat'l Tr. Co.*, 907 F.3d 61, 64 (1st Cir. 2018) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). Plaintiffs seeking to litigate in a federal forum bear the burden of demonstrating that the federal court has jurisdiction. *See id.* Here, Plaintiff asserts that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.[6] *See* Docket No. 1,

---

[6] Plaintiff did not allege that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See* Docket No. 1, para. 4; Docket No. 1-2 (Civil Cover Sheet). Nonetheless, Plaintiff did allege that the amount in controversy, a requirement applicable to diversity jurisdiction, not federal question, is met. *See* Docket No. 1, para. 4. He further clarified Cayo Norte's alleged value in his Second Response. *See* Docket No. 7, pg. 2 (stating that Cayo Norte is worth millions). If the Parties are completely diverse, the Court would have diversity jurisdiction over this suit.

That requirement, based on a generous interpretation of Plaintiff's pro se Complaint, is not met. Plaintiff's Complaint states that he resides outside this District at "Address Line 1, Address Line 2." Docket No. 1, para. 6. Plaintiff's Complaint and Responses filed by mail list a Connecticut return address. *See, e.g.*, Docket Nos. 1-5, 6-2, 7-2. However, within exhibits to his filings, Plaintiff identifies himself as a "[C]ulebra island Puerto Rico property resident" in a document dated August 22, 2023. Docket No. 6-1, pg. 10; *see also* Docket No 6-1, pg. 14 (stating Plaintiff was in Culebra in 2021 to claim residency). Plaintiff's proposed Amended Complaint, filed

KAMPURIES V. SVI INVESTMENTS ET AL.                                    Page 5

para. 4; Docket No. 1-2 (Civil Cover Sheet). Broadly speaking, courts have federal question jurisdiction over two types of actions: suits raising federal causes of action and suits raising state causes of action that "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005); *R.I. Fishermen's All., Inc. v. R.I. Dep't of Env't Mgmt.*, 585 F.3d 42, 48 (1st Cir. 2009).

Plaintiff sued under the Declaratory Judgment Act "(DJA"), 28 U.S.C. § 2201(a); the Quiet Title Act, 28 U.S.C. § 2409a; and the California Code of Civil Procedure. *See* Docket No. 1, paras. 16, 22–24. The Court proceeds to evaluate whether, under Plaintiff's stated causes of action or those

---

on December 5, 2023, did not clarify his domicile. *See* Docket No. 10, para. 6. Defendant Shelley informed that he and Defendant SVI Investments are "residents" of Puerto Rico. Docket No. 5, para. 11. Thus, even construing Plaintiff's reference to the amount in controversy as alleging diversity jurisdiction, the complete diversity of citizenship requirement is not clearly alleged or met.

deducible from his pro se Complaint, federal question jurisdiction lies.

The Court turns first to the Complaint's Count I, which seeks a declaratory judgment regarding Plaintiff's property rights pursuant to the DJA. *See* Docket No. 1, paras. 16. The DJA expands the remedies available to litigants but "does not by itself create a federal cause of action" or expand federal courts' jurisdiction. *Tyngsboro Sports II Solar, LLC v. Nat'l Grid USA Serv. Co., Inc.*, 88 F.4th 58, 64–65 (1st Cir. 2023); *see Colonial Penn Grp., Inc. v. Colonial Deposit Co.*, 834 F.2d 229, 232 (1st Cir. 1987). Accordingly, Count I does not supply a cause of action and cannot ground an exercise of this Court's jurisdiction.

Count II of the Complaint fares no better. *See* Docket No. 1, para. 22. The Quiet Title Act governs title disputes involving the United States as a party. *See* 28 U.S.C. § 2409a. The Plaintiff has not sued the United States, and the Complaint contains no indication that the United States claims an interest in Cayo Norte. This statute does not apply and provides no basis for jurisdiction.

Plaintiff also purports to sue under the California Code of Civil Procedure. *See* Docket No. 1, para. 23 (citing Cal. Civ. Proc. Code §§ 760.010–.020, 760.060, 764.010). This Code governs procedure applicable to quiet title actions brought in California courts. It does not itself establish a cause of action and therefore does not provide the requisite subject matter jurisdiction.

Finally, the Court considers whether Plaintiff's pro se Complaint sets out any other causes of action that could establish federal question jurisdiction. Courts liberally construe pro se pleadings in favor of the pro se litigant because, "if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997). Here, however, the Complaint alleges no facts except that Plaintiff's ancestors owned Cayo Norte. *See* Docket No. 1, paras. 2, 10. Conclusory allegations that Plaintiff has property rights to Cayo Norte, that those rights trump competing interests, and that an erroneous transfer to the Defendants occurred do not position the Court to determine what claims, if any, Plaintiff

| KAMPURIES V. SVI INVESTMENTS ET AL. | Page 8 |
|---|---:|

may have that establish federal question jurisdiction. *See* Docket No. 1, paras. 10, 12.

## II. CONCLUSION

In sum, the Complaint, construed liberally, does not point to any federal cause of action. Nor does it reveal any state law cause of action featuring a substantial, disputed federal issue necessarily raised. *See Grable & Sons Metal Prod., Inc.*, 545 U.S. at 314. Nor does it clearly allege diversity jurisdiction and its requirements. Accordingly, the Court lacks subject matter jurisdiction, **GRANTS** the Motion to Dismiss at Docket No. 5, and **DISMISSES** the instant case **without prejudice**.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 17th day of April 2024.

<u>S/ SILVIA CARREÑO-COLL</u>
UNITED STATES DISTRICT COURT JUDGE